IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-104- |
| | § | ALM-KPJ |
| ALBERT SILVA (1) | § | |

**AMENDED REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Albert Silva's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a final revocation hearing on November 7, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office on November 7, 2022. The Government was represented by Assistant United States Attorney Ernest Gonzalez on November 7, 2022. The Court previously conducted a final revocation hearing on October 14, 2022 and entered a Report and Recommendation in this cause [Dkt. 17]; however, the entire agreement reached between the Government and Defendant was not read into the record. Accordingly, the Court held a further final revocation hearing on November 7, 2022 to correct this deficiency, specifically to read into the record the special conditions that will be imposed during Defendant's term of supervised release, and now enters this Amended Report to correct same.

Defendant was sentenced on September 3, 2018, before The Honorable Fred Biery, Jr., of the Western District of Texas after pleading guilty to the offense of Conspiracy to Possess a Controlled Substance with Intent to Distribute (Cocaine), a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 3+ and a criminal history category of I, was 63 to 78 months. Defendant was

subsequently sentenced to sixty- three (63) months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include participating in a program of testing and treatment for substance abuse. On January 18, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On October 3, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 6, Sealed]. The Petition asserts that Defendant violated eight (8) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime during the term of supervision; (2) The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two hours of become aware of a change or expected change; (4) The defendant shall work full time at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have fulltime employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work, the defendant shall notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; (5) After initially reporting to the probation office, the defendant will receive instructions from the court or the

probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed; (6) The defendant shall follow the instructions of the probation officer related to the conditions of supervision; (7) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program; and (8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer [Dkt. 6 at 1-4, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On September 28, 2022, Defendant was arrested by Murphy Police Department for Burglary of Habitation in violation of Texas Penal Code § 30.02, a second degree felony, and Unlawful Restraint in violation of Texas Penal Code § 20.02, a class A Misdemeanor. As of this writing, these charges remain pending in Collin County, Texas; (2) On January 24, 2022, Defendant submitted a urine specimen which produced positive results for Cocaine. Defendant admitted to using cocaine through written admission, and the specimen was confirmed positive for Cocaine through Alere National Laboratory. On February 22, 2022, Defendant submitted a urine specimen which produced positive results for Cocaine and Marijuana. Defendant admitted to using marijuana through a text message but denied using cocaine. The specimen was confirmed positive for Cocaine through Alere National Laboratory. On July 15, 2022, Defendant submitted a urine specimen which produced positive results for Marijuana. Defendant denied using any marijuana but admitted to being in a vehicle with his friends who were "hot boxing" in the car. The specimen was confirmed positive for Marijuana through Alere National Laboratory. On August 3, 2022, Defendant submitted a urine

specimen which produced positive results for Cocaine and Marijuana. Defendant admitted to using cocaine through written admission and denied using marijuana. The specimen was sent for confirmation through Alere National Laboratory; (3) On May 24, 2022, Defendant reported that he moved from his residence a few weeks prior back into his parent's house. Defendant failed to advise this officer that his lease was ending ten days prior or within 72 hours of moving; (4) On June 28, 2022, Defendant advised the United States Probation Officer that he left his job a few weeks prior. He failed to inform the officer of his change in employment status within 72 hours of the change; (5) For the months of February, April, May, June, July, and August 2022, Defendant failed to report to the United States Probation Office by the 5th day of the month, as previously instructed; (6) On July 11, 2022, Defendant reported to the U.S. Probation Office to discuss him moving without notifying this officer. At that time, this officer instructed Defendant to contact this officer every Friday at 10:00 a.m. to give an update of his whereabouts and things going on with him. Defendant failed to contact this officer on July 22, 2022, July 29, 2022, August 5th, 2022, and August 12th, 2022; (7) On January 24, 2022, Honorable Fred Biery modified Defendant's conditions to include that Defendant must participate in substance abuse counseling. On February 2, 2022, Defendant was referred to substance abuse counseling and an assessment was completed. The report recommended that Defendant participate in group counseling weekly and individual sessions monthly. Defendant failed to report for treatment sessions on June 3, 10, 17, 24th, and August 3, 2022; and (8) Defendant arrested by the Murphy, Texas, Police Department on September 28, 2022, along with his co-defendant Jorge Roberto Morales, who is a known felon and on federal supervised release in the Eastern District of Texas Docket No. 4:22CR137. Defendant and Mr. Morales were both arrested for the offenses of Burglary of a Habitation and Unlawful Restraint. Charges remain pending in Collin County, Texas [Dkt. 6 at 1-4, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 through 8 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegations 2 through 8 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 19, 20].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of ten (10) months, with two (2) years of supervised release to follow.

The Court further recommends imposition of the following special condition: (1) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 15th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE